IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | |
|---|---|
| SALT LAKE CITY et al., | **ORDER and MEMORANDUM DECISION** |
| Plaintiffs, | Case No. 2:09-CV-288 CW |
| v. | District Judge Clark Waddoups |
| CRAIG IVAN GILBERT et al., | |
| Defendants. | |

_____

Craig Ivan Gilbert filed a self-styled, "Notice of Removal and Preliminary Protective Custody Order." Although Gilbert's filings are rambling and nearly incomprehensible at times, the Court discerns that he appears to request removal of his state criminal prosecution(s) to federal court. Perhaps there were/are two sets of charges pending against Gilbert: documents he has filed suggest that some charges were dismissed while others are pending as his competency is evaluated. Regarding any dismissed charges, this attempt at removal would be moot. As to any remaining pending charges, the following analysis applies:

The process for removing a state criminal proceeding to federal court is governed by § 1446, which reads:

> A defendant . . . desiring to remove any . . .
> criminal prosecution from a State court shall file
> in the district court of the United States for the
> district and division within which such action is
> pending a notice of removal signed pursuant to
> Rule 11 of the Federal Rules of Civil Procedure
> and containing a short and plain statement of the
> grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such

defendant . . . in such action."[1]

The removal notice also must be filed within thirty days of the defendant's arraignment in state court or any time before trial, whichever comes first.[2] While the filing of a notice of removal of a criminal action does not preclude the state from going forward, it does keep the state court from entering a judgment of conviction when the criminal action has not been remanded.[3]

This Court must promptly consider notices of removal regarding state criminal actions.[4] If it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," summary remand must be ordered.[5]

This Court's review of the materials Gilbert has submitted in this case reveals that summary remand to the state court of this criminal prosecution is appropriate. Gilbert has not complied with the removal statute, in that he has not provided copies of "all process, pleadings, and orders served upon" him in his state criminal case(s).[6] Further, it is entirely unclear that he has complied with any of the statute's time requirements.

---

[1] 28 U.S.C.S. § 1446(a) (2009).

[2] *See id.* § 1446(c)(1).

[3] *See id.* § 1446(c)(3).

[4] *See id.* § 1446(c)(4).

[5] *See id.*

[6] *See id.* § 1446(a).

Finally, "[r]emoval of state-court civil or criminal actions to federal court is limited to actions against federal officers, members of the armed forces, and defendants in certain civil rights actions."[7] Plainly and liberally construing Gilbert's pro se notice of removal, this Court determines he meets none of these requirements.

"To the extent [Gilbert] seeks relief from the federal courts to prevent the violation of his constitutional rights in his pending state criminal proceeding, relief in federal court lies in a petition for a writ of habeas corpus after first exhausting available state court remedies."[8] Moreover, the Court notes that Gilbert's "attempt to remove the state court criminal prosecution is inconsistent with 'the longstanding public policy against federal court interference with state court proceedings.'"[9]

---

[7]*Kansas v. Gilbert*, No. 06-3120-SAC, 2006 U.S. Dist. LEXIS, at *3 (D. Kan. May 2, 2006) (citing 28 U.S.C.S. §§ 1442, 1442a, 1443 (2009)).

[8]*Id.* at *4.

[9]*Oklahoma v. Smith*, No. 06-6238, 2007 U.S. App. LEXIS 5427, at *3 (10th Cir. Apr. 3, 2008) (unpublished).

3

With the view that the state courts are entirely equal to the task of maintaining Gilbert's constitutional rights,

IT IS ORDERED that this matter is REMANDED to the state courts.[10]

DATED this 28th day of January, 2010.

BY THE COURT:

*[signature]*
_____
CLARK WADDOUPS
United States District Judge

---

[10] Although it is not clear, Gilbert may also be trying to bring civil rights claims in this case. That is inappropriate in this case attempting to remove state criminal prosecutions to federal court. Any civil rights claims would be more appropriately brought in a § 1983 complaint. The Court thus does not address these possible claims further here.